# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ROBERT EARL COUNCIL,**

                              *JURY TRIAL DEMANDED*

    **Plaintiff**

    v.                                    Case No.  2:22-cv-08-CLM-HNJ

**CORDARO MELTON, et al.,**

    **Defendants**

## AMENDED COMPLAINT

Plaintiff files this complaint alleging violations of his constitutional rights by the named defendants.

## INTRODUCTION, JURISDICTION AND PARTIES

1.    Plaintiff alleges that defendants Melton, Binder and Griffin (collectively, the "individual defendants") violated his constitutional right to due process under the Fourteenth Amendment to the United States Constitution and his right not to be subjected to cruel and unusual punishment as protected by the Eighth Amendment, made applicable to the states by the due process clause of the Fourteenth Amendment. He specifically claims that he was beaten without cause by the individual defendants, that these defendants were known to supervisory personnel, including defendants Peters and Morgan, to engage in such unconstitutional behavior and that supervisory

personnel failed to take any action to prevent such behavior.

2. In addition, plaintiff alleges that other individuals, in the employ of Wexford Health Services, Inc. (Wexford), charged with providing appropriate medical care for him after the beating failed to provide such care. He asserts those defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth and Fourteenth Amendments and caused him unnecessary pain and suffering.

3. This Court has jurisdiction over these claims pursuant to 42 U.S.C. §1983, which creates a cause of action against defendants acting under color of state law and violating an individual's constitutional rights. Jurisdiction is also invoked pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

4. This is a proper venue for plaintiff's claims because actions that form the basis of his claims occurred within the Northern District of Alabama. In addition, defendants Melton, Binder, Griffin and Givens all reside and work within the Northern District. The claim against Wexford arose in the Middle District, but Wexford engages in business in the Northern District as well.

5. Plaintiff, Robert Earl Council, is an incarcerated adult male citizen in the custody of the Alabama Department of Corrections (ADOC). He is currently incarcerated at the Limestone Correctional Facility in Harvest, Alabama in the

Northern District of Alabama.

6. Defendant, Cordaro Melton (Melton), was at all relevant times a sergeant, employed by ADOC at the Donaldson Correctional Institution (Donaldson) in Bessemer, Alabama in the Northern District of Alabama. He is sued in his individual capacity.

7. Defendant, Joe Binder (Binder), was at all relevant times a sergeant, employed by ADOC at the Donaldson Correctional Institution in Bessemer, Alabama in the Northern District of Alabama. He is sued in his individual capacity.

8. Defendant, Geoffrey Griffin (Griffin), was at all relevant times a correctional officer, employed by ADOC at the Donaldson Correctional Institution in Bessemer, Alabama in the Northern District of Alabama. He is sued in his individual capacity.

9. Defendants, Kenneth Peters (Peters) and Phyllis Morgan (Morgan), were at all relevant times wardens at Donaldson. As such, they were responsible, along with other duties, for overseeing the conduct of ADOC employees at Donaldson to insure their conduct conformed to ADOC standards and that they not violate the constitutional rights of those men incarcerated in Donaldson. They are sued in their individual capacities.

10. Wexford currently has, and at all relevant times had, a contract with ADOC to provide necessary medical care for incarcerated individuals in ADOC's custody.

**FACTS**

11. Plaintiff was housed in Donaldson on January 30, 2021. In the early morning hours on that date, several correctional officers, including Melton, Binder and Griffin, entered the cell block where plaintiff resided. They engaged in an altercation with another inmate, Ephan Moore, which became physical. Moore was beaten into submission. Plaintiff observed the incident and, at some point, told the officers that Moore was compliant and they did not need to continue beating him. He was told to return to his cell and did so. Plaintiff never physically interfered with the officers.

12. In addition to beating Moore, officers used chemical spray, which permeated much of the cell block. The spray got into plaintiff's eyes and he was in his cell trying to wash them out when the individual defendants entered his cell.

13. After Moore was incapacitated, the individual defendants entered plaintiff's cell while he was still splashing water on his face. Melton, who was on plaintiff's blind side, yelled at and cursed plaintiff and, suddenly and without warning, hit him in the left eye with his "baton," a club, presumably used to force

compliance but capable of inflicting pain and possible death, particularly when it is used to strike a person's head. Plaintiff fell to the ground and was hit with "baton" blows at least three more times in his head before he could cover his head with his hands. He was then struck in his back by "batons," rendering him semi-conscious at best.

14.     A few minutes later, officers entered plaintiff's cell and dragged him by his feet at least fifty feet into the corridor. Plaintiff was unconscious and lying in a pool of blood. He had a swollen eye and contusions in his head. After as much as fifteen minutes, another inmate assisted in getting plaintiff on a stretcher and to the infirmary.

15.     Plaintiff was taken from the infirmary to the trauma center at the University of Alabama at Birmingham hospital (UAB), where he was treated over the weekend and then moved to Kilby Correctional Facility, an ADOC prison which has an infirmary, for follow-up care.

16.     For the next three weeks, from February 1 to February 22, plaintiff did not see any medical personnel, despite swelling and pain from the blow to his eye and despite Wexford's contractual obligation to tend to his medical needs.[1] Additional

---

[1] Plaintiff is not claiming breach of contract and not claiming to be a third party beneficiary of the contract between Wexford and ADOC. He raises the contract

surgery was to be performed at UAB and, to prepare for the operation, doctors there had prescribed medication to reduce the swelling in his eye, to drain the fluid and to reduce plaintiff's pain. Plaintiff was not provided that medication for those three weeks, which caused him to endure severe and unnecessary pain that could have been reduced had he been provided the prescribed medication. During that time, plaintiff had no vision in his left eye.

17.     Surgery was eventually performed, but plaintiff now has only limited vision in his left eye which appears to be permanent.

## FIRST CAUSE OF ACTION

18.     Plaintiff adopts and incorporates paragraphs 1, 3-8, and 11-15 of his complaint.

19.     Plaintiff alleges that, since he was compliant and not interfering with the officers, any use of force against him was unnecessary, excessive and done not to maintain or restore discipline but maliciously and sadistically with the purpose of causing harm.

20.     Even if the individual defendants had a right to apply some force against plaintiff, the force they used was excessive and done not to maintain or restore

---

only to demonstrate Wexford's obligations.

discipline but maliciously and sadistically with the purpose of causing harm. In fact, witnesses on the scene, when they saw plaintiff lying unconscious in the corridor, believed he was dead and the individual defendants, after beating plaintiff unconscious, failed to render appropriate aid.

21. These actions by the individual defendants violated plaintiff's Eighth Amendment right not to be subjected to cruel and unusual punishment and were carried out without due process.

**WHEREFORE**, plaintiff seeks the following relief against the individual defendants:

1. An award of such compensatory and punitive damages as a jury may determine against the individual defendants;

2. Pursuant to 42 U.S.C. § 1988, his costs and reasonable attorney fees for prosecuting this action.

3. Such other, further and different relief as this Court may deem just.

## SECOND CAUSE OF ACTION

22. Plaintiff adopts and incorporates by reference paragraphs 1, 3-15 and 17 of his complaint.

23. Peters and Morgan had the responsibility to control and discipline the

individual defendants, who were known to use excessive force against inmates. Melton and Binder have each been sued multiple times for violating the rights of incarcerated individuals. The individual defendants are known within Donaldson to use unnecessary and excessive force upon those incarcerated there.

24.   Peters and Morgan failed to properly train and discipline the individual defendants, allowing them to engage unimpeded in repeated violations of the rights of those whom they were charged with supervising, resulting in the aforementioned constitutional violations.

**WHEREFORE,** plaintiff seeks the following relief:

1.   An award of such compensatory and punitive damages as a jury may determine against Peters and Morgan;

2.   Pursuant to 42 U.S.C. § 1988, his costs and reasonable attorney fees for prosecuting this action.

3.   Such other, further and different relief as this Court may deem just.

### THIRD CAUSE OF ACTION

25.   Plaintiff adopts and incorporates paragraphs 2-5 and 10-17 of his complaint.

26.   Plaintiff's injuries were so severe that even a lay person would have

recognized his need for medical care and pain treatment. The fact that trained medical personnel failed to provide such care makes their indifference even more egregious.

27. Plaintiff alleges that Wexford's employees, acting at its direction and subject to its control,[2] were deliberately indifferent to his medical needs, particularly to his need for prescribed pain medication, for the period from February 1 to February 22, 2021, in violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment.

**WHEREFORE,** plaintiff seeks the following relief:

1. An award of such compensatory and punitive damages as a jury may determine against Wexford;

2. Pursuant to 42 U.S.C. § 1988, his costs and reasonable attorney fees for prosecuting this action.

---

[2] Plaintiff intends to amend his complaint by determining, through discovery, the identities of the Wexford employees who were working at Kilby in February, 2021.

3.      Such other, further and different relief as this Court may deem just.

          /s/ David Gespass
David Gespass
GESPASS & JOHNSON
40 Echo Lane
Fairhope, AL 36532
205-566-2530
pass.gandjlaw@gmail.com


          /s/ Tiffany Johnson-Cole
Tiffany Johnson-Cole
Law Firm of Robert Simms
     Thompson, PC
P.O. Box 830780
Tuskegee, AL 36083-0780
334-727-6463
tnjohnsoncole@gmail.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing have been served this the 3rd day of June, 2022 on all counsel via this Court's CM/ECF electronic case filing system.

          /s/ David Gespass


***PLAINTIFF DEMANDS TRIAL BY JURY***