# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ROBERT EARL COUNCIL,**

    **Plaintiff**

**v.**                              Case No. 2:22-cv-00008-CLM-HNJ

**CORDARO MELTON, et al.,**

    **Defendants**

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff, Robert Earl Council, through his undersigned counsel, submits this opposition to the Motion to Dismiss filed on behalf of defendants Geoffrey Griffin, Kenneth Peters and Phyllis Morgan (Doc. 42). Griffin is, and was at the relevant time, a correctional officer for the Alabama Department of Corrections. Peters and Morgan were both wardens at the Donaldson Correctional Institution where plaintiff was beaten. Accordingly, this opposition will first address the motion to dismiss as it pertains to Griffin and then as it pertains to Peters and Morgan. Finally, it will briefly address the claims all three make for dismissal based on qualified immunity.

## GEOFFREY GRIFFIN

Griffin's argument is difficult to understand. He recognizes that the amended complaint explicitly identifies him, along with defendants Melton and Binder, as "the individual defendants." Amended Complaint, Doc. 31, ¶ 1. The complaint then

alleges in ¶ 13, that these three defendants entered his *cell*, not just his cell block, and beat him so severely he needed hospitalization. Griffin claims in his motion (p. 5) that "Moore is listed as one of 'individual defendants' along with Melton and Griffin." The only Moore mentioned in the complaint is Ephan Moore, who was identified and described in the complaint (¶¶ 13-15) as another inmate in the cell block who was beaten after allegedly assaulting a correctional officer.[1]

    The "individual defendants" have always been Griffin, Melton and Binder. They were the guards who entered plaintiff's cell when he was washing his face. They were the guards who participated in the beating. They were the guards whose actions led to plaintiff being sent to the hospital and to his permanent loss of vision in one eye. The claim that the only allegation against Griffin is that he was in the same cell block as plaintiff is simply inaccurate. Indeed, plaintiff has already addressed this claim in his opposition to the motion to dismiss originally filed on Griffin's behalf and which he adopts here. See Doc. 11 (Grifin's motion) and Doc. 15 (plaintiff's opposition thereto).

---

[1] Moore has also filed suit in this Court as a following this incident. See *Moore v. Binder, et al.,* Case No. 2:22-cv-219-RDP-NAD.

## **KENNETH PETERS AND PHYLLIS MORGAN**

Here, again, the argument ignores the relevant allegation of the amended complaint. While it acknowledges that plaintiff alleges that these defendants failed to properly train and discipline Melton and Binder specifically, found in ¶ 24 of the complaint, it ignores the preceding paragraph (¶ 23) which states:

> Peters and Morgan had the responsibility to control and discipline the individual defendants, who were known to use excessive force against inmates. Melton and Binder have each been sued multiple times for violating the rights of incarcerated individuals. The individual defendants are known within Donaldson to use unnecessary and excessive force upon those incarcerated there.[2]

Thus, the Amended Complaint alleges that the wardens were on notice, based both upon Melton's and Binder's reputation and their histories.[3] It alleges that such force was used repeatedly and that its use by these two defendants was known within the prison. It does not allege isolated incidents of excessive force such that these defendants may not have had notice of their behavior. What plaintiff does not know, and cannot know without discovery, is how often internal complaints that did not lead

---

[2] ¶ 1 also alleges that Melton and Binder were known to supervisory personnel, including defendants Peters and Morgan, to engage in such unconstitutional behavior and that supervisory personnel failed to take any action to prevent such behavior."

[3] Each has been sued at least three times.

to litigation were made against Melton and Binder. Neverthelss, the complaint's allegations are sufficient to withstand a motion to dismiss, as will be discussed in somewhat more detail below.

It is indisputable that, if there is a causal connection between between supervisors' actions and an alleged constitutional violation, supervisors can be held liable for the acts of their suborinates. *Harrison v. Culliver*, 746 F. 3d 1288, 1299 (11th Cir. 2014).

*Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003), albeit in a somewhat different context, makes clear that "(t)he necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so (internal quotation marks and citations omitted)." That is exactly what plaintiff has alleged. Melton and Binder have a history of abuse. Peters and Morgan, as wardens at the prison, were responsible for correcting the problem. They failed to do so.

All that is necessary at this stage is "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The amended complaint certainly afforded these defendants that. It alleged a history of abuse, evidenced by numerous suits against Melton and Binder and their reputations within the prison. If that allegation is taken as true, as it must be on a motion to

dismiss, it is sufficient to state a claim.

The failures on the parts of these defendants can be categorized either as having a policy of allowing the use of unconstitutional force or the lack of a policy to insure that unconstitutional force not be used against inmates. In either event, they are liable. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza v. Jefferson County*, 923 F. 3d 947, 957 (11th Cir. 2019)(citations omitted). Plaintiff has done precisely that here. He has alleged numerous acts by Melton and Binder that should have placed these defendants on notice of the need to respond and to act. It is, at best, premature to seek dismissal before any discovery and before plaintiff adduces his proof.

### QUALIFIED IMMUNITY

It is clear that, given the present state of the law, these defendants are entitled to *assert* qualified immunity. For the record, plaintiff alleges that the concept of qualified immunity was created out of whole cloth by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and has no basis either in the Constitution or in Anglo-American jurisprudence. While he understands this Court is bound by precedent, he contends that the doctrine should be overruled and that the only

question is whether defendants violated plaintiff's constitutional rights. He therefore objects to defendants asserting a claim of qualified immunity.

That being said, any assertion of qualified immunity is without merit at this juncture. As to Griffin, participation in a beating of a non-resisting inmate who was not comitting any disciplinary infraction and who was in his cell is evidence that the beating was done "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Add to that the beating was so severe it caused injuries necessitating that the victim to taken to a "free world" hospital and resulted in permanent damage and there can be no doubt that qualified immunity does not protect Griffin at this point.

Since Griffin is not protected by qualified immunity, neither are the wardens so long at the complaint alleges sufficient facts to show a causal connection between the malicious and sadistic beating plaintiff suffered at the hands of the individual defendants and the wardens' failure to properly supervise their employees, specifically Melton and Binder. As discussed above, that connection has been established with the allegation that Melton and Binder have been sued repeatedly for use of excessive force and had a reputation in the prison for its frequent use.

Clearly, if the complaint sets out sufficient facts to establish liability on the parts of the defendants, it necessarily precludes a defense of qualified immunity

entitling them to dismissal at this point. In fact, the defendants' motion, while reciting all the requirements for *raising* the defense of qualified immunity, makes no additional argument as to why it should apply here.

Defendants' motion is due to be denied.

/s/ David Gespass
David Gespass
GESPASS & JOHNSON
40 Echo Lane
Fairhope, AL 36532
205-566-2530
pass.gandjlaw@gmail.com

/s/ Tiffany Johnson-Cole
Tiffany Johnson-Cole
Law Firm of
Robert Simms Thompson, PC
P.O. Box 830780
Tuskegee, AL 36083-0780
334-727-6463
tnjohnsoncole@gmail.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all counsel this    day of July, 2022 via this Court's CM/ECF electronic case filing system.

/s/ David Gespass