# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ROBERT EARL COUNCIL,**

    **Plaintiff**

    v.                                          **Case No. 2:22-cv-00008-CLM-HNJ**

**CORDARO MELTON, et al.,**

    **Defendants**

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

This case proceeds before the undersigned on the parties' Joint Motion for Protective Order. (Doc. 65). The court **GRANTS** the parties' motion.

1. In connection with discovery proceedings in this litigation, any document, record, thing, or other material, whether produced by parties or non-parties, may be designated as "CONFIDENTIAL," including, but not limited to, potential witnesses, and any portion of transcripts or other records of depositions or other testimony relating in any way to such individuals.

Nothing contained herein shall prohibit counsel from designating any portion of any deposition as "CONFIDENTIAL" if said counsel deems in good faith such testimony to encompass or address matters that should be.

All materials designated as "CONFIDENTIAL" under this Agreed Protective and Confidentiality Order ("Order"), the information contained therein, and any

summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be referred to herein as "Confidential Material."

A party designating any material as "CONFIDENTIAL" shall state the basis for that designation. Should opposing counsel disagree with the designation, counsel shall meet and confer and seek to resolve any disagreement. Absent an agreement, the parties may challenge designations of "Confidential Material" by way of motion filed with the Court, in camera, within 60 days of receipt of the designation. Such material shall be treated as "CONFIDENTIAL" unless and until the Court rules otherwise.

2. Confidential Material shall be so designated by stamping, or otherwise designating, copies of the material produced herein with the legend "CONFIDENTIAL." Stamping, or otherwise designating, the legend "CONFIDENTIAL" on the cover of any multi-page document (except depositions) or, in the case of documents that have already been scanned into electronic form for production in this case, on each disc containing confidential material, shall designate all pages of the document, or the disc, as the case may be, as "CONFIDENTIAL," unless otherwise indicated by the producing party.

3. A party may designate materials that have been produced prior to the entry of this order "CONFIDENTIAL" by advising the other party in writing, within thirty (30) days of the entry of this Order, that such materials should be designated "CONFIDENTIAL."

4. With respect to depositions taken in this case, a party or non-party choosing to designate any portion of a deposition as "CONFIDENTIAL" shall do so during the course of the deposition.

5. Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of the above-captioned litigation, and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. If any Confidential Material becomes publicly available as the result of a breach of this Order, or as the result of some other improper or inadvertent conduct or omission, the parties agree nonetheless to treat all such items as Confidential Material.

6. Other than employees, or persons acting on behalf of the producing party, Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court (including Court personnel), to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), the named parties, and to any qualified person as designated below:

    (a) Experts or consultants retained by counsel for a party in connection with the prosecution, defense or settlement of this action;

    (b) Deposition and trial witnesses; and

    (c) Such other persons as to whom the parties shall agree in writing.

7. Prior to receiving or reviewing any Confidential Material, each qualified

person shall first be given a copy of this Order by the disclosing party. Each such person shall agree to be bound by the terms hereof before receiving or reviewing Confidential Material. Pursuant to this Order, all such persons shall be bound by the terms of this Order and shall not disclose or permit disclosure of the Confidential Material or the information contained therein, other than pursuant to the terms of this Order. Any party may seek appropriate relief to ensure the continued protection of the Confidential Material.

8. The production of any Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the Confidential Material in question. If a party believes it has inadvertently produced Confidential Material that was not requested by an opposing party or required by the Court, the recipient shall (unless there is a good faith basis for disagreement) immediately return the Confidential Material, including all copies thereof, to the producing party, and shall make no use of the Confidential Material for any purpose.

9. No copies, summaries, or abstracts of Confidential Material shall be made for distribution or use by persons other than those persons identified in paragraph 6.

10. Each "qualified person" described in paragraph 6 to whom Confidential Material is to be furnished, shown, or disclosed will use said Confidential Material solely for the purpose of this litigation and will not communicate the information,

directly or indirectly, to any other person.

11. If a party desires to offer into evidence in any pre-trial proceeding any discovery materials that have been designated as Confidential Material, such party must provide the opposing party with at least five (5) business days advance notice or may file such documents under seal. Confidential Material which is to be offered as substantive evidence at trial shall be designated in accord with any applicable pre-trial order.

12. Within forty-five (45) days of settlement or expiration of the time for appeal of any final judgment (or the conclusion of any appeal taken from any final judgment):

(a) All copies of Confidential Material except deposition pages, but not deposition exhibit(s), designated as CONFIDENTIAL or any videotapes or other record of such depositions and documents, including scanned images in the possession, control or custody of a party, their counsel, or anyone provided access to same by the party in possession or their counsel, shall be returned to the producing party upon written request; and

(b) While counsel for the parties agree that deposition pages designated as Confidential Material and other records of such depositions need not be returned pursuant to paragraph 12, it is also agreed that said items shall maintain their confidential status and shall be handled and maintained in full accordance with all

other provisions of this Order and that said items shall in all respects be Confidential Material.

13. This Order shall survive the final termination of this case.

14. This Order shall not constitute a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance or for any other ground. Moreover, this Order shall not prejudice a party's right to object to the production or other disclosure of information that said party in good faith deems to be privileged, confidential, proprietary, non-public or otherwise private that should not be disclosed.

15. This Order may be construed or modified by the Court on application of either party or on its own initiative to ensure that adjudication of all issues is had in the light of all material and relevant facts without destroying either party's interest in the confidentiality of the information and documents that are subject to this Order.

**DONE** and **ORDERED** this 28th day of July, 2023.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE