IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICR OF ALABAMA
SOUTHERN DIVISION

ROBERT EARL COUNCIL,

    Plaintiff

v.                    Case No. 2:22-cv-0008-HNJ

CORDARO MELTON, et al.,

    Defendants

## DECLARATION OF DAVID GESPASS

On the authority of 28 U.S.C. § 1746, the undersigned, David Gespass, submits this declaration under penalty of perjury. It is submitted pursuant to Rule 56(d), Fed. R. Civ. P. in the event the Court determines it would be relevant to its determination of the pending motion for summary judgment filed by defendant.

1.    This matter involves plaintiff's condition after he was beaten by officers at the Donaldson Correctional Facility so badly that he was unresponsive and transported by helicopter to UAB Hospital in the early morning of January 30, 2021. Two of the officers involved have been indicted for assault and are pending trial. The claim against them has been settled and the remaining claim concerns plaintiff's medical treatment immediately after he was released from UAB Hospital to Kilby Correctional Facility.

2.    Counsel understands that upon plaintiff's arrival at Kilby, his physical appearance was such that the officer at the admitting gate insisted that photographs

be taken of him to demonstrate that his condition was not the result of anything that happened at Kilby.

3. Counsel prepared a subpoena duces tecum to be served on the Alabama Department of Corrections (ADOC) to obtain any photographs taken of plaintiff when he arrived at Kilby.

4. On June 6, 2023 counsel sent an email to Stephanie Smithee, whom he understood to be the person at ADOC responsible for responding to subpoenas, attaching the subpoena.

5. Ms. Smithee responded ten days letter with an email saying she would accept service and waive the processing fee if counsel agreed to give her an additional 21 days to respond. The same day, counsel agreed to those terms.

6. On June 20, 2023, counsel was contacted by Beth Warren at ADOC, requesting a list of documents being requested, which was inadvertently omitted from the original email. That list was provided the same day and Ms. Warren acknowledged receipt.

7. Following that, there were no further communications from ADOC and, on February 13, 2024, counsel wrote to Ms. Smithee and Ms. Warren requesting an update. Ms. Smithee responded that Ms. Warren was no longer employed at ADOC, asked for another copy of the subpoena and said she would forward the request to the "appropriate person." Counsel sent her the subpoena that day and specified that his

particular interest was for any photograph taken on January 30 or 31, 2021.

8. No response was received after that and, on February 19, 2024, counsel again wrote to Ms. Smithee inquiring as to the status of the response and noting he understood the photographs he was interested in were taken on February 1, 2021.

9. No response was received to that email either and, on February 22, 2024, counsel called Ms. Smithee. She was not in so counsel left a voice mail message for her to return the call, specifying his concern. To date, there has been no response.

10. Counsel was preparing a motion to compel a response to the subpoena was defendant's motion for summary judgment was filed. Because, from the terms of defendant's motion, it did not appear that plaintiff's appearance when he arrived at Kilby would be germane to the grounds of the motion, counsel prepared a response to the motion rather than filing the motion to compel.

11. Counsel still believe that, while plaintiff's physical appearance would be relevant should this case go to trial, they do not think it relevant to defendant's motion. However, in the event the Court believes otherwise, the undersigned submits this declaration explaining what the potential evidence would be that has not yet been provided to plaintiff's counsel and is therefore unavailable for submission.

Dated: March 8, 2024

David Gespass